**SIGNED.**

Dated: March 31, 2011



_____
**JAMES M. MARLAR
Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| OASIS AT WILD HORSE RANCH, LLC, ) | No. 4:11-bk-01124-JMM |
| ) | |
| ) | **MEMORANDUM DECISION** |
| Debtor. ) | |

A motion is before the court which seeks dismissal of the Chapter 11 case, on the grounds that it was a bad faith filing (ECF No. 51). Precedent authorizes this remedy. See, e.g., In re Landmark Capital, 27 B.R. 273 (Bankr. D. Ariz. 1983); Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Development Co.), 779 F.2d 1068 (1986). Another ground is that the filing was unauthorized.

This case is, reduced to its essence, nothing more than a continuation of an internal business dispute between co-owners, brought here from state court. In state court, all or most of the critical governance decisions had been made, after years of contentious litigation.

Faced with the final consequences of all that legal activity, the scraps from that case have now been transported to the federal bankruptcy court.

The position of the moving parties, Russell and Mary Sholes, expressed in the motion to dismiss, has persuaded this court that the motion should be granted. The court finds that the case was filed in bad faith. Any remaining ownership-related matters should be decided by the Pima County Superior Court.

Case 4:11-bk-01124-JMM    Doc 76    Filed 03/31/11    Entered 03/31/11 12:39:38    Desc
Main Document    Page 1 of 2

As to some of the Debtor's principals' assertion[1] that the existing Deed of Trust is "bogus," and should not be enforced, a remedy exists under state law to press that claim. They should file a lawsuit in state court and seek an injunction against the trustee's sale, pending ultimate resolution, by the state court, of their legal claim. Such a legal effort is certainly less expensive, in a two-party setting such as this, than a full-blown, overly litigated, expensive and cumbersome federal Chapter 11 proceeding.

A separate order dismissing this case will be entered simultaneously with this Memorandum Decision.

Any appeal must be taken within 14 days. In such event, the parties are placed on notice that this court will not entertain any stay motions, filed pursuant to FED. R. BANKR. P. 8005.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Kasey C. Nye, Attorney for Debtor

Carolyn J. Johnsen, Attorney for Russ and Mary Sholes

Terri A. Roberts, Pima County Attorney's Office

R. David Sobel, Attorney for Jazmin Pflug

Office of the U.S. Trustee

---

[1] Objection at 7 (ECF No. 55).