# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:  ) Chapter 11
 )
OASIS AT WILD HORSE RANCH, LLC, ) No. 4:11-bk-01124-JMM
 )
 ) **MEMORANDUM DECISION**
Debtor. )

Before the court is a motion for fees and costs, in the nature of sanctions, filed by corporate principals, Russell and Mary Sholes (ECF No. 99). They seek $80,335.78 in attorneys' fees and costs for their prevailing effort in gaining early dismissal of the Debtor's voluntary Chapter 11 case. The monetary award is sought--not against the Debtor--but against the other corporate principals, Judy and Raynu Fernando.

## THE THEORY OF RECOVERY

In its essence, this case was delivered into the hands of the bankruptcy court as a continuing outgrowth of a deadlocked battle for control of the Debtor entity. This court perceived the bankruptcy case was simply a tactical end-run, and that the real dispute, by necessity and reason, had to be logically and legally played out in other forums.

The moving parties have cited no specific statute, nor rule, under which their prayer for relief falls, other than their general feeling that 11 U.S.C. § 105(a), and the court's "inherent powers," will remedy what they perceive as an abuse of the bankruptcy system.

When one attempts to pinpoint the Sholes' theory or cause of action against the Fernandos, it finally falls into a tort category akin to abuse of process. Although § 105 arguably allows a remedy for that problem, so too does § 1112--the dismissal statute.

In the federal court system, we follow the "American Rule" when it comes to considering attorneys' fee awards. The American Rule denies attorneys' fees to a litigant in federal court in the absence of contract, applicable statute or other exceptional circumstances. In re Sparkman, 703 F.2d 1097, 1099 (9th Cir. 1983). The Ninth Circuit has stated previously that any exceptions to "the American Rule will be narrowly circumscribed." Miller-Wohl Co. v. Commissioner of Labor and Industry, 694 F.2d 203, 204 (9th Cir. 1982). That restraint is compelled by the Supreme Court's decision in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Nor may the court apply equitable principles in a "freewheeling fashion." In re Tucson Cab Co., Inc., 789 F.2d 701, 704 (9th Cir. 1986). In that spirit, this court has been conservative in its use of § 105, since the Ninth Circuit has specifically stated that Section 105 of the Bankruptcy Code is not a "roving commission to do equity." In re Saxman, 325 F.3d 1168, 1175 (9th Cir. 2003); In re Johnson, 346 B.R. 190, 195 (9th Cir. BAP 2006) (citing Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S.Ct. 963, 99 F.3d 1394, 1402 (9th Cir. 1995); Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.), 885 F.2d 621, 624-26 (9th Cir. 1989); Bear v. Coben (In re Golden Plan of Cal., Inc.), 829 F.2d 705, 713 (9th Cir. 1986); In re Yadidi, 274 B.R. 843, 848 (9th Circ. BAP 2002).

In the absence of binding authority from our Circuit or its Bankruptcy Appellate Panel, which would authorize an award of fees in the circumstances present here, this court is reluctant to rule favorably on the Sholes' plea. For that relief, they will have to convince an appellate court that this court's authority ranges that far afield. If remanded, this court can then determine, with clear guidance from a higher court, how best to proceed in order to resolve the dispute.

# **JURISDICTION**

Perhaps an even greater challenge for the Sholes presents itself. That issue is a jurisdictional one. Neither of the Fernandos are personally before the court. Only the corporation--the Debtor--sought out the court's subject-matter jurisdiction. The case-in-chief was dismissed, and the Debtor is no longer before the court. And, importantly, the Sholes seek no relief from the Debtor, probably because they would, following their logic, be partially suing themselves.

So what jurisdiction does this court have over yet another dispute between the Sholes and the Fernandos? A look at what constitutes a "core proceeding" would not seem to include this type of action, unless it would fall into a generalized category of "administration of the estate." 28 U.S.C. § 157(b)(2)(A). But there is no "estate," as the case has been dismissed. So nothing is left to administer for anyone's benefit. Only the principals are left to sort out their long-simmering dispute.

When it comes to whether the court's jurisdiction falls into the "related-to" category, this court has recent, and extremely clear guidance from none other than the United States Supreme Court. <u>Stern v. Marshall</u>, 131 S. Ct. 2594 (2011) made it clear that this court's jurisdiction is limited to matters affecting a bankruptcy estate. This court has neither the power, discretion nor luxury to stray beyond its clear boundaries in efforts to be all things to all people. If the Sholes want more from the Fernandos, they have yet another cudgel to pick up, but they have to take that battle to another court. Their present cause of action, under all the factual circumstances of this former case, has no traction in bankruptcy court. Accordingly,

A separate order will be entered which DENIES the motion. FED. R. BANKR. P. 9021.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Kasey C. Nye, Attorney for Debtor
Carolyn J. Johnsen, Attorney for Russ and Mary Sholes
Michael Crawford, Attorney for Judy and Raynu Fernando
Office of the U.S. Trustee

3

Case 4:11-bk-01124-JMM    Doc 107    Filed 11/23/11    Entered 11/28/11 07:29:09    Desc
Main Document - Motion to Approve    Page 3 of 3